*Wm. M. Fulkerson, for appellee.*

[Cited, *Thompson v. Brownlie,* 25. Ky. L. 623, 76 S. W. 172.]

---

## WM. HOLLAND *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 7—223.]

**Sale of Spirituous, Vinous and Malt Liquors.**
> The statutes prohibiting the sale of spirituous, vinous and malt liquors without a license are not intended to interfere with the traffic of fruits preserved in liquors, but if under the pretense of selling fruits one should in fact be selling liquors he would be held liable.

### APPEAL FROM CASEY CIRCUIT COURT.

September 25, 1885.

OPINION BY JUDGE RICHARDS:

The statutes prohibiting the sale of spirituous, vinous and malt liquors without a license were never intended to interfere with the traffice of fruits preserved in liquors. If under the pretense of selling fruits, he should in fact be trafficking in liquors, he would be liable to the penalties denounced; but this is not claimed by the commonwealth in the case at bar. The act specified in the indictment is the sale of "a bottle of brandy peaches" and the uncontested proof shows that they were "peaches preserved in brandy and incased in a glass bottle, being such canned fruit of that name and brand as is usually sold by grocers in the regular course of trade."

Judgment reversed and the cause remanded with directions to sustain the demurrer to the indictment.

Judgment *reversed*.

*Hill & Alcorn, for appellant.*